UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>TOBY MATTHEW LAROCQUE,<br><br>    Defendant. | Case No.  C05-0034L<br><br>ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS TESTIMONY |

This matter comes before the Court on the "Motion to Suppress Testimony of Witnesses Who Refuse to be Interviewed Pretrial" (Dkt. # 18) filed by defendant Toby Matthew Larocque. Defendant Larocque is charged with four criminal counts relating to the importation of possession of ephedrine. He brings the instant motion to suppress the testimony of the government's witnesses based on his belief that those witnesses will not agree to his pending requests for pre-trial interviews; this, he contends, interferes with his constitutional rights to due process, a fair trial, and effective assistance of counsel. For the reasons set forth below, the Court denies the motion.

Defendant's motion fails for two reasons. First, it is well-settled that "a defendant's right of access to a witness exists co-equally with the witnesses' [sic] right to refuse to say anything." U.S. v. Black, 767 F.2d 1334, 1338 (9th Cir. 1985). Therefore, no intrusion upon a defendant's

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS TESTIMONY - 1

right to a fair trial occurs if a witness freely elects not to be interviewed. See id. ("[w]hile the prosecution may not interfere with a witness's free choice to speak with the defense, . . . merely informing the witness that he may decline the interview is not improper"). In short, defendant's rights to a fair trial and effective assistance of counsel are not encroached upon if the government's witnesses refuse to be interviewed.[1]

Second, defendant's motion is untimely. Defense counsel has not yet attempted to interview any of the government's witnesses and, therefore, does not know whether those witnesses will refuse to be interviewed. This notwithstanding, defendant argues that the Court should order the government's witnesses to submit to pretrial interviews. Defendant cites no authority for this argument and, consequently, the Court declines to adopt it.

For all of the foregoing reasons, defendant's motion to suppress testimony is DENIED.

DATED this 17th day of August, 2005.

*(signature)*
Robert S. Lasnik
United States District Judge

---

[1] In keeping with Ninth Circuit precedent, "[this] decision should not be interpreted as approving any governmental conduct that has the purpose or effect of discouraging witnesses from cooperating with the counsel of an accused . . . . An accused and his counsel have rights of access to potential witnesses that are no less than the accessibility to the potential prosecutors and their investigatory agents. It is imperative that prosecutors and other officials maintain a posture of strict neutrality when advising witnesses of their duties and rights. Their role as public servants and as protectors of the integrity of the judicial process permits nothing less." U.S. v. Rich, 580 F.2d 929, 934 (9th Cir. 1978). Notably, defendant does not question the government's conduct in advising the witnesses.

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS TESTIMONY - 2